SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 29 2013
J T NOBLIN, CLERK
BY_______ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JUMEL H. SHAIDNAGLE, INDIVIDUALLY, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF NICHOLAS L. PASTOR, DECEASED, AND THE ESTATE OF NICHOLAS L. PASTOR, DECEASED** **PLAINTIFFS**

**V.** **CIVIL ACTION NO.** 5:13CV112DCB-MTP

**ADAMS COUNTY, MISSISSIPPI, by and through its Board of Supervisors, ADAMS COUNTY SHERIFF'S DEPARTMENT, CHARLES R. "CHUCK" MAYFIELD, JR., Sheriff of Adams County, Mississippi, in his individual and official capacities, and JOHN DOES I - V, officially and in their individual capacities** **DEFENDANTS**

# COMPLAINT

## Plaintiffs Demand Trial by Jury

NOW INTO COURT, through undersigned counsel, come the Plaintiff, Jumel H. Shaidnagle, and files this his Complaint for Damages against Defendants herein, and in support thereof, state the following:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Jumel H. Shaidnagle is an adult resident citizen of the state of Louisiana. Plaintiff brings this action individually and as a wrongful death beneficiary of Nicholas L. Pastor, Deceased; on behalf of all of the wrongful death beneficiaries of Nicholas L. Pastor, and; on behalf of the Estate of Nicholas L. Pastor, Deceased, Jumel H. Shaidnagle, Administratrix.

2. Defendant Adams County, Mississippi is a political subdivision of the

State of Mississippi and is the entity responsible for the oversight and funding of the Adams County Sheriff's Department. This Defendant may be served with process by effecting the same upon the president of the Board of Supervisors, Darryl V. Grennell, and/or the Chancery Clerk of Adams County, Tommy O'Beirne, at the Chancery Courthouse, Natchez, Mississippi.

3. Defendant Adams County Sheriff's Department is a political entity or subdivision organized to provide law enforcement protection, service, and safety to and for the citizens of the state of Mississippi and Adams County. This Defendant may be served with process by service upon Charles R. "Chuck" Mayfield, or his designee, at the Adams County Sheriff's Office, Natchez, Mississippi.

4. Defendant Charles R. "Chuck" Mayfield is an adult resident citizen of the state of Mississippi, residing in Adams County, Mississippi. At all material times, Defendant Mayfield was the duly elected Sheriff of Adams County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set, adopt, implement, and enforce policies and procedures and to provide protection to the citizens of Adams County, Mississippi, and the state of Mississippi, including Plaintiff's decedent, Nicholas Pastor. Defendant Mayfield is sued in his official and his individual capacities. Defendant Mayfield may be served with process by personal service in accordance with Rule 4 of the Federal Rules of Civil Procedure and Rule 4 of the Mississippi Rules of Civil Procedure. Said Defendant, at times material hereto, was acting under color of state law in his official capacity as the Sheriff of Adams County, Mississippi, and actions of Defendant Mayfield were done and performed under the color and pretense of the

ordinances, regulations, policies, customs, and usages of Adams County, Mississippi and the state of Mississippi.

5. Defendants John Does I - V are law enforcement officers and/or deputy sheriffs employed by Adams County Sheriff's Department and/or Adams County, Mississippi. The identity of John Does I - V is not known to Plaintiff at this time. John Does I - V are sued in both their official and individual capacities as a officers and/or deputies for Adams County, Mississippi. John Does I - V, on information and belief, are adult resident citizens of Adams County, Mississippi, whose residence addresses are unknown to Plaintiff. Said Defendants may be served with process when their identity and address becomes known to Plaintiff. Defendants Adams County, Mississippi, and Adams County Sheriff's office are liable for the wrongful acts, omissions, and conduct of its employees and officers, John Does I - V. Said Defendants, at times material hereto, were acting under color of state law in their official capacity as a police officers with the Adams County Sheriff's Department, and actions of said Defendants were done and performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of Adams County, Mississippi and the state of Mississippi.

6. The individual Defendants named herein acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Mississippi, Adams County, Mississippi, the Adams County Sheriff's Office, and pursuant to their authority as officers, agents, employees, and representatives of said Departments, County, and State.

## JURISDICTION

7. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 1988 and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and pursuant to state law. The Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(b).

## FACTS

9. On July 27, 2012, Nicholas Pastor ("Nicholas"), a male resident of the state of Mississippi, attempted suicide in or near Adams County, Mississippi. Specifically, Nicholas attempted to burn himself to death in or near his truck by using his clothes to start a fire.

10. On July 27, 2012, subsequent to his suicide attempt, Nicholas presented at the Natchez Regional Medical Center Emergency Department, and was treated for psychological distress. Nicholas was diagnosed with "suicidal ideation" by the Natchez Regional Medical Center Emergency Room physician. Physical restraints were applied to Nicholas' arms and legs, and he was transferred to University of Mississippi Medical Center in Jackson, Mississippi.

11. On July 28, 2012, Nicholas was discharged from University of Mississippi Medical Center, and returned to Adams County, Mississippi. Due to Nicholas' ongoing suicidal ideation and emotional instability, on July 28, 2013, the Chancery Court of Adams County, Mississippi, issued an Order to Hold in an action captioned "*In re* Nicholas Pastor."

12. The Adams County Chancery Court's Order of July 28, 2012, stated, in part:

> After consideration said information, the Court is of the opinion that Mr. Pastor is certainly a danger to himself in his current condition and could pose as a flight risk as well if not detained. Therefore, it shall be the Order of this Court that Nicholas Pastor be taken into custody by any certified law enforcement officer and transported to the Adams County Jail to be held until such time that a full hearing can be conducted to determine Mr. Pastor's psychological condition and needs.

See July 28, 2012 Order of the Adams County Chancery Court, Exhibit "A".

13. Pursuant to the July 28, 2012 Order, Nicholas was taken into custody by Defendants, and transported to the jail, under the exclusive operation and control of Defendants. Defendant Mayfield and/or one or more other Defendants placed Nicholas in a jail cell alone.

14. At the time Nicholas was taken into custody by Defendants, Defendants had actual and/or constructive knowledge of the existence and factual circumstances of Nicholas' suicide attempt on July 27, 2012, Nicholas' hospitalization at Natchez Regional Hospital on July 27, 2012 and his diagnosis of "suicidal ideation", the judicial determination that he posed a danger to himself, and that he was scheduled for a full judicial hearing to determine the extent of his physiological distress and/or condition. Notwithstanding Defendants' actual and constructive knowledge of these facts, Nicholas was placed in a cell with a tie off point, and left alone.

15. At all times relevant herein the defendants, Charles R. "Chuck" Mayfield, Jr., Sheriff of Adams County, Mississippi, and Deputy Sheriff John Does 1- 5, were employees of the defendant Adams County, Mississippi, who were acting in their individual capacities and in their official capacities as employees and law enforcement officers of the defendant, Adams County, Mississippi.

16. At all times relevant herein the defendants, Charles R. "Chuck" Mayfield, Jr., Sheriff of Adams County, Mississippi, and Deputy Sheriff John Does 1-10, were acting in their individual capacities and pursuant to an official policy of the defendant, Adams County, Mississippi.

17. Although the Defendants knew about Nicholas' history of psychological distress, recent suicide attempt, suicidal diagnosis, and legal classification as a danger to himself, Defendants failed to remove all items from Nicholas' jail cell that he could use to commit suicide, and placed him in a jail cell with one or more tie off points, such or similar tie off points having been previously used by Adams County Jail inmates to commit suicide, and which could be and were used by Nicholas to hang himself.

18. Although the Defendants knew about Nicholas' history of psychological distress, recent suicide attempt, suicidal diagnosis, and legal classification as a danger to himself, and his anticipated psychological status hearing, Defendants failed to monitor Nicholas' jail cell while he was incarcerated.

19. As a result, while incarcerated in the Adams County Jail on a hold Order finding him a danger to himself, and having been diagnosed the day before by the emergency room physician at Natchez Community Hospital with suicidal ideation, Nicholas was left alone and not monitored in a jail cell with tie off points, resulting in him allegedly hanging himself in the jail cell with his clothes on July 28, 2012.

20. As a proximate results of the actions and inactions of the Defendants, jointly and severally, Nicholas Pastor, deceased, suffered physical pain, emotional distress and mental anguish, embarrassment, humiliation, a loss of enjoyment of life, and death.

21. Plaintiff, Jumel Shaidnagle, is the natural mother and a wrongful death heir and beneficiary of Nicholas Pastor, deceased.

22. The Adams County, Mississippi Chancery Court has issued its Order appointing Jumel Shaidnagle as the Administratrix of the Estate of Nicholas L. Pastor, deceased, and Jumel Shaidnagle, Administratrix of the Estate of Nicholas Pastor, deceased, is authorized to bring this action to recover damages which Nicholas Pastor, deceased, sustained prior to his death and burial expenses his estate has incurred.

23. Plaintiffs, as the wrongful death beneficiaries of Nicholas Pastor, deceased, has suffered a loss of society and companionship, love and affection, mental anguish and emotional distress, and a loss of the net cash value of life as a proximate result of the wrongful death of Nicholas Pastor, as set forth in MISS CODE ANN. § 11-11-13.

24. The acts of Defendants were wrongful, tortious, reckless, objectively and subjectively unreasonable, undertaken with deliberate indifference to Nicholas' risk of suicide and in conscious disregard for the safety and constitutional rights of Nicholas, and caused the damages to Plaintiffs as set forth herein.

**COUNT I - DEPRIVATION OF CONSTITUTIONAL RIGHTS COGNIZABLE UNDER 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 1988**

25. Plaintiffs incorporate herein Paragraphs 1 - 24 above as if reproduced in full.

26. At all times, Nicholas was vested with constitutional rights and protections under the United States Constitution, and amendments thereto, including, but not limited to, a substantive due process right under the Fifth and Fourteenth Amendments to the

United States Constitution to his life and property, rights under the Eighth Amendment to the United States Constitution, and a right to equal protection of the laws.

27. By and through the conduct of Defendants herein, Plaintiff was deprived of his constitutional rights, and, as a result thereof, suffered injury, pain and suffering, death, and loss of property.

28. Specifically, and in support of such claims, Plaintiff would show that at all times material hereto, Defendants were vested with the state authority and non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, Defendants commenced to implement a policy, custom, usage or practice wherein the rights, privileges and/or immunities of Plaintiff's decedent were violated. Specifically, the Defendants engaged in a course of conduct that resulted in a violation of Nicholas' right to the equal protection of the laws of the United States of America, the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, and the right to be free from cruel and unusual punishment pursuant to the Eighth Amendment to the United States Constitution.

29. The constitutional violations complained of include, but are not limited to:

- failing to provide medical treatment for Nicholas, a pre-trial detainee, violated rights secured the United States Constitution and

42 U. S. C. § 1983;

- failing to provide a safe place where Nicholas could be monitored and housed without committing suicide violated rights secured by the United States Constitution and 42 U. S. C. § 1983, and;
- acting with deliberate indifference and reckless disregard by failing to monitor Nicholas and failing provide a safe place where Nicholas could be held pursuant to Court Order violated rights secured by the United States Constitution and 42 U. S. C. § 1983.

30. Defendants' deprivation of identifiable civil rights, including liberty and property interests, the unnecessary and wanton infliction of pain and suffering resulting in a deprivation that was sufficiently serious wherein the Defendants acted, maliciously and sadistically by willful indifference and/or intentional acts designed and intended to cause Nicholas physical, mental and emotional pain, harm, injury and humiliation, and death, and evidenced a deliberate indifference to the safety of Nicholas.

31. Such acts of Defendants were committed under color of law and under each individual's authority as an officer, agent, or employee of Adams County, Mississippi, and were reckless, malicious, intentional, and committed with deliberate and reckless indifference to the health, safety, and continued life of Nicholas. As a result, Plaintiff's decedent suffered grievous bodily harm, injury, pain and suffering, and was deprived of his liberty interest, in violation of the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.

32. Alternatively, the acts and/or omissions of Defendants herein were

performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of the Adams County, Mississippi. At times relevant, Defendant Mayfield and Defendants John Does I - V, as deputies or officers of the Adams County Sheriff's Department, were acting under the direction and control of Adams County, Mississippi, which acted through its agents and employees who were responsible for making policy of the Sheriff's Department, its officers and operations, and Mayfield and John Does I - V were acting pursuant to either official policy or the practice, custom, and usage of the County and its Sheriff's Department. At no time did there exists a reasonable relationship between any such ordinances, regulations, policies, customs, and usages of Adams County, Mississippi and any legitimate governmental interest.

33. Nicholas' death and Plaintiffs' resulting injuries and damages were also directly and proximately caused by the following intentional, reckless, careless, negligent and/or deliberately indifferent acts and omissions of the defendants and/or their agents or employees including, but not limited to:

a. The failure of Defendant Adams County, by and through its agents, employees, and servants, to monitor, direct, and supervise the policies and procedures of their officers, agents, employees or servants, thus depriving members of the public, including Nicholas, of their rights under the United States and Mississippi Constitutions;

b. The failure of Defendant Adams County to properly and adequately train their officers, employees and agents in the Sheriff's Department and to promulgate and enforce rules and regulations regarding the manner and

techniques for the control, supervision and training of their employees; thus depriving members of the public, including Nicholas, of his rights under the United States and Mississippi Constitutions.

c. The failure of Defendant Adams County to establish and/or enforce proper and appropriate procedures and regulations which would have controlled or governed the actions of its officers, agents, and/or employees under the circumstances outlined in this Complaint; thus depriving members of the public, including Nicholas, of their rights under the United States and Mississippi Constitutions.

d. The failure of Defendant Adams County, Mayfield, and John Doe defendants to adequately supervise the actions of officers, agents, and/or employees under the circumstances outlined in this Complaint; thus depriving members of the public, including Nicholas, of their rights under the United States and Mississippi Constitutions.

e. The failure of Defendants to provide reasonable protection from physical injury to Nicholas in order to avoid the risk of harm to him under the circumstances then and there existing; thus depriving members of the public, including Nicholas, of their rights under the United States and Mississippi Constitutions.

f. The intentional, reckless, negligent and/or deliberately indifferent acts and omissions of Defendants constituted policies that evidence a clear violation of and deliberate indifference to the rights and safety of Nicholas

under the United States and Mississippi Constitutions.

34. Acting under color of law, by and through the policy-makers of the County and pursuant to official policy or custom and practice, the County intentionally, knowingly, recklessly, and/or with deliberate and reckless indifference to the rights of the inhabitants of the County and Nicholas failed to instruct, supervise, train, control, and/or discipline, on a continuing basis, Defendants Mayfield and John Does I - V in the performance of their duties to prevent the injuries and damages to Nicholas, and preventing a needless injury and accompanying loss, to prevent violation of the rights and privileges of citizens guaranteed by the Constitution and laws of the United States and the laws of the State of Mississippi; and to prevent deprivations of citizens' constitutional and statutory rights, privileges and immunities.

35. The County had knowledge of or, had it diligently exercised its duties to instruct, train, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as hereto before alleged, or other unlawful or unconstitutional acts, were going to be committed. Defendant Adams County had power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the County and Nicholas failed or refused to do so.

36. Defendant Adams County, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Mayfield and John Does I - V, as heretofore described.

37. The acts of Defendants as afore described entitle Plaintiffs to an award of

compensatory damages. In addition, such acts and omissions were intentional, wanton, malicious, oppressive, undertaken with reckless indifference, thus entitling Plaintiff to an award of punitive damages against said Defendants in their individual capacity.

38. Defendants' acts are violative of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1988 and/or the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. As a result of such acts, Plaintiffs sustained damages as set forth herein.

**COUNT II - VICARIOUS LIABILITY**

39. Plaintiffs repeat and reallege the foregoing Paragraphs 1. through 38 as though reproduced in full herein.

40. At times, Defendants Mayfield and John Does I - V, acted in the course and scope of their employment and under the direction and control of Defendant Adams County, Mississippi. Defendant Adams County, Mississippi is therefore liable and responsible for the acts, omissions and damages caused by Defendants Mayfield and John Does I - V, under theories of vicariously liability, *respondeat superior*, employee/employer liability, agent/principal liability, and other common law and statutory impositions of vicarious liability. At times, Defendants John Does I - V acted under the direction and control of Defendant Mayfield and/or the Adams County Sheriff's Department. Defendant Mayfield and/or the Adams County Sheriff's Department are liable and responsible for the acts, omissions and damages caused by Defendants Mayfield and John Does I - V, under theories of vicariously liability, *respondeat superior*, employee/employer liability, agent/principal liability, and other common law and

statutory impositions of vicarious liability.

41. At all material times, Defendants' conduct was of such a willful, wanton and grossly negligent nature, undertaken with maliciousness and in conscious and reckless disregard for the rights of Plaintiff, so as to justify an award of punitive damages under state and federal law.

## DAMAGES

42. The allegations of Paragraphs 1 through 41 are incorporated herein as if reproduced in full.

43. Plaintiffs would show that Defendants are liable to Plaintiffs for all actual and compensatory, incidental and consequential, damages, including, but not limited to, the following, to-wit: Plaintiffs are entitled to compensatory and punitive damages for the wrongful death of Nicholas Pastor. Such damages include, but are not limited to: all damages available pursuant to Mississippi's Wrongful Death Statute, MISS. CODE ANN. §11-7-13, for the death of Nicholas Pastor, including, but not limited to, damages for the physical and emotional pain and suffering experienced by Nicholas Pastor, loss of future income for the remainder of his life, loss of society and services, and damages for the mental pain and suffering of Plaintiffs, the loss of society and companionship of the deceased, the loss of his services, and other such damages to be determined by the jury, in an amount to be determined by the fact-finder or jury in this action; in addition to damages including, but not limited to, attorneys' fees, pre-judgment interest on all such amounts, costs, and; extra-contractual and/or punitive damages against the Defendants, and/or their agents, servants, employees and representatives, in an amount calculated to

punish and deter Defendant, and/or its agents, servants, employees and representatives and others similarly situated from similar or like conduct in the future, and such other amounts as found due and owing by the jury and/or fact-finder at trial of this matter. Plaintiffs seeks all other relief, either general or specific, as the Court and jury may deem appropriate.

44. Plaintiffs would further state that the deliberate indifference of the Defendants, and each of them, is tantamount to an intentional, malicious and bad faith violation of the Nicholas' constitutional rights, such that punitive damages should be awarded of, from and against the Defendants, and each of them. Such damages should be awarded in an amount so as to punish the Defendants, so as to make an example of the Defendants to others, so as to deter the Defendants from engaging in such wrongful and unlawful conduct in the future, and so as to reward the Plaintiffs, for bringing such wrongdoers to public account.

**COUNT III - DECLARATORY JUDGMENT ACTION**
**AND EQUITABLE RELIEF**

45. The allegations of Paragraphs 1 through 44 are incorporated herein as if reproduced in full.

46. Pursuant to FED. R. CIV. P. 57, Plaintiffs request that this Court declare that the practices, polices, rules and customs complained of in this Complaint are unlawful in that they violate the constitutional rights of citizens.

47. Further, Plaintiffs request that this Court enter its Order to permanently enjoin the Defendants and their agents, officers, and employees from engaging in all practices found by this Court to be in violation of the Constitution of the United States of

America, and order that Defendants adopt and implement a comprehensive system to safeguard against constitutional violations and illegal conduct, including implementation of a system designed to prevent against the future occurrence of such acts as complained of herein, and to protect citizens from like constitutional violations in the future, and to require Defendants to submit a plan to this Court outlining the steps it will take to prevent such future conduct and to comply with the Orders of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Court will take jurisdiction over this cause and, after hearing the evidence, will award all relief due Plaintiffs as set forth herein, including but not limited to the following:

(I) declare that the practices, polices, rules and customs complained of in this Complaint are unlawful in that they violate the constitutional rights of citizens;

(ii) permanently enjoin the Defendants and their agents, officers, and employees from engaging in all practices found by this Court to be in violation of the Constitution of the United States of America, and order that Defendants adopt and implement a comprehensive system to safeguard against constitutional violations and illegal conduct, including implementation of a system designed to prevent against the future occurrence of such acts as complained of herein, and to protect citizens from like constitutional violations in the future, and to require Defendants to submit a plan to this Court outlining the steps it will take to prevent such future conduct and to comply with the Orders of this Court;

(iii) order that the Defendants pay Plaintiffs a sum in excess of $75,000 as compensatory damages arising from the aforesaid misconduct of Defendants as set forth

herein, and enter judgment against Defendants and in favor of Plaintiff in the amount of $7,500,000.00, or in such amount as found due and owing by the jury and/or this Court;

(iv) order that the Defendants pay to Plaintiffs a sum in punitive damages sufficient to deter these Defendants and others similarly situated from like conduct in the future;

(v) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance;

(vi) order the Defendants to pay Plaintiffs' costs and expenses, including expert witness fees and reasonable attorney's fees, and prejudgment interest on all amounts found due and owing, including, but not limited to, those attorneys' fees found properly awardable pursuant to 42 U.S.C. § 1988(b), and;

(vii) grant such other and further relief, of either an equitable or legal nature, to the Plaintiffs as the Court deems just and proper.

Respectfully submitted, this the 29th day of July, 2013.

JUMEL H. SHAIDNAGLE, PLAINTIFF

BY: [signature]

Michael T. Jaques (Miss. Bar No. 8708)
Counsel for Plaintiffs

MICHAEL T. JAQUES, ESQ
SESSUMS DALLAS, LLC
240 Trace Colony Park, Suite 100
Ridgeland, Mississippi 39157
(601) 933-2040
(601) 933-2050 (Facsimile)