IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JUMEL H. SHAIDNAGLE, et al.                          PLAINTIFFS

VS.                          CIVIL ACTION NO: 5:13-cv-112-DCB-JCG

ADAMS COUNTY, MISSISSIPPI, et al.                    DEFENDANTS

### ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER, DENYING MOTIONS TO STRIKE, AND DENYING MOTION IN LIMINE

This matter is before the Court on Defendant's, Laura Smith, Motion to Strike Plaintiff's Expert **[docket entry no. 142]**, Motion in limine re: Order to Hold **[docket entry no. 144]**, Motion to Strike Expert **[docket entry no. 183]**, Motion to Strike Expert **[docket entry no. 184]**, and Motion for Review of Magistrate Judge's Order **[docket entry no. 197]**, and Plaintiff's, Jumel Shaidnagle, Motions for Review of Magistrate Judge's Order **[docket entry nos. 201 and 202]**. Having reviewed the motions and responses, other orders in this case, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Factual and Procedural Background

This case arises from the in-custody suicide of Nicholas Pastor on July 28, 2012. Pastor was being held in the Adams County Jail ("the Jail") on an Order to Hold signed by the Special Master for the Adams County Chancery Court. Pastor hanged himself in his

1

cell. Shaidnagle, individually, on behalf of Pastor's wrongful death beneficiaries, and as administratrix of Pastor's estate (collectively, "Shaidnagle") filed suit on July 29, 2013,  In its current posture, this case has a pretrial conference on January 12, 2015, and is set for trial in February. Discovery has closed, and experts have been designated. There remains only an intense, and at times frenetic, pretrial motion contest between the parties.

On September 30, 2014, Defendant Laura Smith filed her first motion to strike one of Shaidnagle's experts. See Mot. Strike Pl.'s Experts ("Strike 1"), ECF No. 110. On October 1, 2014, Smith filed her second motion to strike. See Mot. Strike Pl.'s Expert ("Strike 2"), ECF No. 142. In that same filing, Smith also moved to limit Shaidnagle's use of the Order to Hold. See Mot. in limine, ECF No. 144. On that same day, Shaidnagle filed a motion to compel, and three days later, amended that motion. See Mot. Compel, ECF No. 146; Am. Mot. Compel, ECF No. 154. On November 14, 2014, Smith filed two more motions to strike, to prevent this Court from considering certain expert testimony in ruling on her motion for summary judgment currently pending. See Mot. Strike Resp. ("Strike 3"), ECF No. 183; Mot. Strike Resp. ("Strike 4"), ECF No. 184.

Defendants Adams County, Mississippi, Sheriff Charles Mayfield, James Allred, and Charles Harrigill have joined all of Smith's above motions. See Joinder, ECF No. 114 (joining Strike 1); Joinder, ECF No. 149 (joining Strike 2); Joinder, ECF No. 150

2

(joining motion in limine); Joinder, ECF No. 188 (joining Strike 3); Joinder, ECF No. 189 (joining Strike 4). Defendants Ronald Dunmore and Gary Conn also joined two of Smith's motions. See Joinder, ECF No. 113 (joining Strike 1); Joinder, ECF No. 191 (joining Strike 4).

On December 2, 2014, Magistrate Judge John C. Gargiulo entered orders granting in part and denying in part Smith's first motion to strike and denying Shaidnagle's motion and amended motion to compel. See Order, ECF No. 194 (granting in part and denying in part Strike 1); Order, ECF No. 195 (denying motion and amended motion to compel).

On December 16, 2014, both Shaidnagle and Smith filed objections to Judge Gargiulo's order denying the motion and amended motion to compel. See Def.'s Mot. Review Mag. Judge Order re 195 ("Review 1"), ECF No. 197; Pl.'s Mot. Review Mag. Judge Order re 195 ("Review 3"), ECF No. 202. Adams County, Mississippi, joined in Smith's objection. Joinder, ECF No. 199. Shaidnagle also objected to Judge Gargiulo's order striking her rebuttal expert. Pl.'s Mot. Review Mag. Judge Order re 194 ("Review 2"), ECF No. 201.

## II. Analysis

Because the Court relies infra on Judge Gargiulo's orders, it will first rule on the objections to them.

### A. Objections to Magistrate's Orders

Both Smith and Shaidnagle have raised their objections through

Local Uniform Civil Rule 72(a) that permits a party to object to any ruling made by a magistrate judge within fourteen days. Both Smith and Shaidnagle timely filed their objections.

A magistrate judge is empowered "to hear and determine any pretrial matter pending before the court" with some exceptions not relevant here. 28 U.S.C. § 636(b)(1)(A) (2009). The district court "may reconsider any pretrial matter" decided by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Id.; see also Fed. R. Civ. P. 72(a).

The standard of review applied to Smith's and Shaidnagle's objections is "clearly erroneous or contrary to law."[1] A finding is

---

[1] Although Smith requests that the Court apply a de novo review to her objection, that standard applies only to proposed findings of fact and recommendations properly objected to. See 28 U.S.C. § 636(b)(1)(*) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Other courts state the choice of standard of review in terms of dispositive or nondispositive rulings because, without consent under 28 U.S.C. Section 636(c), magistrate judges can only make recommendations as to dispositive motions. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) ("The standard of review for a magistrate judge's order depends on whether the order is dispositive. When reviewing a dispositive order, a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. When reviewing a pretrial order regarding non-dispositive issues, a district court judge may only reconsider the order where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." (internal citations and quotations marks omitted)). Because Judge Gargiulo's orders do not make any recommendation or proposed findings as to a dispositive motion but rather rule in toto on nondispositive discovery issues, the Court is bound to

clearly erroneous when the district court is "left with the definite and firm conviction that a mistake has been committed" after reviewing "the entire evidence" of the magistrate judge's order. See Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quotations omitted). "The 'clearly erroneous' standard applies to the factual components of the magistrate judge's decision." Smith v. Smith, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (citing RTC v. Sands, 151 F.R.D. 616, 619 (N.D. Tex. 1993)). This standard is "extremely deferential." Bailey Metals, LLC v. Superior Boat Works, No. 4:08cv153, 2011 WL 320805, at *1 (N.D. Miss. Jan. 31, 2011) (quoting Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999)).

A finding "is contrary to law if the magistrate judge misinterpreted or misapplied applicable law." Martinez v. Porta, No. Civ.A. 4:03cv915y, 2006 WL 3289187, at *2 (N.D. Tex. Nov. 1, 2006) (citing Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004)). The magistrate judge must have "erred in some respect in his legal conclusions. The magistrate judge's legal conclusions are freely reviewable by the district judge, who applies a de novo standard." Smith, 154 F.R.D. at 665.

The district court will not reverse the magistrate judge merely because it "would have decided the [motion] differently." Easley, 532 U.S. at 242. For a party seeking review of a magistrate

---

follow the clearly erroneous or contrary to law standard.

judge's order to prevail, "she must show, not that the magistrate judge could have exercised his discretion and ruled in her favor, but rather that she is entitled to a ruling in her favor as a matter of law." Barnett v. Tree House Café, Inc., No. 5:05cv195, 2006 WL 3083757, at *3 (S.D. Miss. Oct. 27, 2006).

### 1. Defendant's Objection

Smith objects to and appeals "any evidentiary rulings, if any, regarding the admissibility at trial of any post mortem changes to Pastor's booking sheet" in Judge Gargiulo's order on the motion and amended motion to compel. Review 1 ¶5. Smith explicitly "does not appeal . . . the denial of [Shaidnagle]'s Motions to Compel. . . ." Mem. Supp. p. 3, ECF No. 198. Smith quotes two paragraphs in their entirety as objectionable.[2] They are reproduced here:

> In this case, Plaintiff alleges that Pastor was a known suicide risk and that Defendants should have placed Pastor on "Suicide Watch" while he was detained in the Adams County jail. Plaintiff also alleges that Pastor's in-custody suicide was caused by Defendants' improper failure to place Pastor on "Suicide Watch." It is now undisputed that Pastor's booking information in the jail's computer system was changed *after* Pastor's suicide to show that he was placed on "Suicide Watch" and that he was recognized to have a "Mental Illness" when booked into the jail. A factfinder could determine that such circumstantial evidence is relevant to the "knowledge" and/or "subjective deliberate indifference" of Defendants

---

[2] In the Memorandum of Support, Smith also quoted the language of footnote one of Judge Gargiulo's order. However, because the note does not originate in the paragraphs quoted (but rather the preceding paragraph), the Court finds that its inclusion in the objection was accidental. Further, the language of the note relates to the constitutional rights of pre-trial detainees and is irrelevant to Smith's objection.

in light of Plaintiff's allegations. *Farmer v. Brennan*, 511 U.S. 825, 842-43, 114 S.Ct. 1970, 1981-82 (1994) ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.").

Adams County has also conceded that the post-suicide changes to Pastor's booking information in the jail's computer system cannot be explained. Presumably, the motive for the post-suicide changes made to Pastor's booking information also cannot be explained. The absence of any explanation for the post-suicide changes could also be relevant under the circumstances. *Id*. at n. 8 ("While the obviousness of a risk is not conclusive and a prison official may show that the obvious escaped him, see infra, at 1982, he would not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist . . . ."). Accordingly, the denial of additional electronic discovery is not prejudicial to Plaintiff in light of the other undisputed facts in this case.

Order p. 6-7, ECF No. 195; Mem. Supp. p. 3-4, ECF No. 198. In particular, Smith objects to the language: "A factfinder could determine that such circumstantial evidence is relevant to the 'knowledge' and/or 'subjective deliberate indifference' of Defendants in light of Plaintiff's allegations." See Review 1 ¶ 5 (quoting this language); Mem. Supp. p. 6, ECF No. 198 (quoting this language).

The Court finds that the language of Judge Gargiulo's order, couched in hypothetical diction such as "could" and "may," did not make any evidentiary rulings that would preclude a later motion in limine, which Smith has hinted she may file. Smith concedes even in

her objection that the language is "potentially dicta" and that the motion is one that a magistrate judge generally may hear and decide. <u>See</u> Mem. Supp. p. 6, ECF No. 198. The Court finds that Judge Gargiulo's order is not clearly erroneous or contrary to law. Therefore, the Court will overrule Smith's objection.

2. Plaintiff's First Objection

Shaidnagle objects to Judge Gargiulo's order excluding her expert witness Kathryn Burns. Judge Gargiulo struck Shaidnagle's designation of Burns as untimely. Order p. 11, ECF No. 194. Striking an untimely expert designation is a sanction permitted under Federal Rule of Civil Procedure 37(c). Judge Gargiulo gave three reasons for his ruling: (1) Burns was not a rebuttal expert necessary to refute a new issue raised by a defendant expert, (2) even if defendants did raise a new issue, Burns is not necessary because another plaintiff expert is qualified in the same field, and (3) the <u>Sierra Club</u> factors[3] weighed in the defendants' favor. Shaidnagle only objects to the first two of Judge Gargiulo's reasons. <u>See</u> Review 2 p. 1-2. The Court reads both of these

---

[3] The Fifth Circuit has laid out four factors to determine whether a district court abused its discretion in striking an expert designation as a discovery sanction. Those factors are: "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order." <u>Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.</u>, 73 F.3d 546, 572 (5th Cir. 1996).

objections as objections to the findings of fact made in Judge Gargiulo's order, so the clear error standard applies.

First, Shaidnagle argues that Smith's designation of Mark Webb "first raised the issue of whether - from a medical, psychiatric perspective - Nicholas Pastor was a suicide risk and should have been placed on suicide watch." Review 2 p. 6. Judge Gargiulo found that Shaidnagle's "primary liability expert, Hayes, raised this issue in his written report." Order p. 8, ECF No. 194. Shaidnagle concedes that "a jail suicide case would almost automatically invoke the issue of whether the detainee was a suicide risk" but argues for a distinction in this case: the Order to Hold. Review 2 p. 6. Shaidnagle argues that the Order to Hold definitively states that Pastor was a suicide risk and that Webb is "attempting to 'go behind' the Order to Hold by attacking its legal validity with medical opinion testimony." Review 2 p. 8. Second, Shaidnagle argues that Hayes and Burns have different fields of expertise so that only Burns can be qualified as a rebuttal witness to Webb. "Dr. Webb is a psychiatrist. So is Dr. Burns. Lindsay Hayes is not." Review 2 p. 8. Judge Gargiulo found that both Hayes and Burns were "designated as experts in the field of 'suicide prevention within jails.'" Order p. 9, ECF No. 194.

Although the Court recognizes the importance of the Order to Hold, whether it irrefutably marks Pastor as a suicide risk at his intake is an issue for the factfinder. This finding comports with

the Court's ruling _infra_ on Smith's motion _in limine_ regarding the Order to Hold. Additionally, the Court finds that Hayes and Burns were qualified in the same field: suicide prevention in jails. The expert designations list the same field for both experts. Although Hayes and Burns have different experiences that qualify them as experts, Federal Rule of Evidence ("FRE") 702 anticipates that witnesses may gain expertise in the same field through different qualifications. The fact that Burns is a medical doctor and Hayes is not does not preclude their qualification in the same field. Furthermore, the designations reveal that they reviewed the same materials to prepare their reports, including medical records. Because the Court finds some support in the record that whether Pastor was a suicide risk was not a new issue requiring rebuttal and that Hayes and Burns were qualified in the same field, Judge Gargiulo's rulings are not clearly erroneous.

3. Plaintiff's Second Objection

Shaidnagle objects to language in Judge Gargiulo's order denying her motion and amended motion to compel. She "does not request that the disposition of the Order itself be reversed." Review 3 p. 4. The specific language at issue is: "It therefore remains undisputed that Defendants classified and incarcerated Pastor as a non-suicidal detainee at all times prior to his suicide on July 28, 2012." _See_ Order p. 5, ECF No. 195; Review 3 p. 2. Shaidnagle requests that "this factual finding be narrowed [in]

10

scope" so that it reads: "It therefore remains undisputed that, **according to the Adams County computer system, Mr. Pastor was not affirmatively classified as a suicidal detainee** prior to his suicide on July 28, 2012." Review 3 p. 2, 4 (emphasis in original).

Shaidnagle acknowledges that her objection seems to be "splitting hairs" and admits that she so moves "out of an abundance of caution." Review 3 p. 3, 4. The Court will overrule the objection, finding that Judge Gargiulo did not rule in a way that is clearly erroneous or contrary to law. Similar to the Court's holding as to Smith's objection, see <u>supra</u> II. A. 1., the Court finds that Judge Gargiulo did not rule on this evidence. Further, the language of his order should not be read to bind the parties to a particular interpretation of this potential piece of evidence.

### B. Motions to Strike Experts

#### 1. First Motion to Strike Expert Lindsay Hayes

In her second motion to strike, Smith argues that Shaidnagle's expert Lindsay Hayes should be excluded from testifying at trial because his testimony is "neither relevant nor reliable" under FRE 702. Strike 2 ¶ 2.

FRE 702 provides that an expert may be qualified by "knowledge, skill, experience, training, or education" and can give opinion testimony if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;

> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Expert testimony "serves to inform the jury about affairs not within the understanding of the average man." U.S. v. Moore, 997 F.2d 55, 57 (5th Cir. 1993). "Whether a witness is qualified to testify as an expert is left to the sound discretion of the trial judge, who is in the best position to determine both the claimed expertise of the witness and the helpfulness of his testimony." Sullivan v. Rowan Cos., 952 F.2d 141, 144 (5th Cir. 1992). FRE 702 "assigns to the district judge a gatekeeping role to ensure that [expert] testimony is both reliable and relevant." Curtis v. M&S Petroleum, Inc., 174 F.3d 661, 668 (5th Cir. 1999) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993)).

Hayes is a "nationally recognized . . . expert in the field of suicide prevention within jails, prisons[,] and juvenile facilities." Notice Service Designation Experts Ex. 1 ("Hayes Designation") p. 1, ECF No. 40-1. The designation goes on to list Hayes's qualifications including: conducting multiple national studies with the National Institute of Corrections and the Justice Department, degrees in sociology and administration of justice, more than a hundred publication credits, and participation in fifteen other cases in the last four years. There is little doubt about Hayes's expertise in the field in general; Smith, however,

questions the relevancy and reliability of the testimony Hayes offers as it relates to the facts of this case. We live in an age of post-Daubert sensibility where the emphasis of inquiry rests on the reliability of expert opinion rather than the qualifications of the expert. See Watkins v. Telsmith, Inc., 121 F.3d 984, 992 (5th Cir. 1997). The proponent of expert testimony is not required to prove that the testimony is correct but rather prove by a preponderance of the evidence that the testimony is reliable. Moore v. Ashland Chem., Inc., 151 F.3d 269, 276 (5th Cir. 1998) (en banc). The thrust of Smith's argument concerns whatever unfamiliarity Hayes may have with suicide prevention policy in Mississippi. First, she argues that Hayes is unfamiliar with the particular requirements in Mississippi for an Order to Hold. Second, she argues that Hayes compares the Jail's policy to an inapplicable national standard instead of the appropriate local standard, with which Hayes is unfamiliar. The Court rejects both of these arguments for the reasons below.

The Supreme Court in Daubert laid out several factors that a trial court must weigh in determining the reliability of potential expert testimony. These factors are: (1) "whether a theory or technique can be (and has been) tested;" (2) "whether it has been subjected to peer review and publication;" (3) "whether in respect to a particular technique, there is a high known or potential rate of error and whether there are standards controlling the

technique's operation;" and (4) "whether the theory or technique enjoys general acceptance within a relevant scientific community." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149-50 (1999) (quoting Daubert, 509 U.S. at 592-94) (internal quotation marks omitted). The district court must weigh these factors alongside those from FRE 702. See Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004) ("Kumho Tire clarified that the [FRE] 702/Daubert analysis applies to all proposed expert testimony. . . ." (emphasis in original)). Although the Daubert factors are not helpful here, the Court must still determine whether Hayes's testimony meets the four requirements of FRE 702. These are summarized as: (a) helpfulness, (b) sufficient basis, (c) reliable method, and (d) reliable application.

### a. Helpfulness

Hayes proposes to testify as to the meaning of the Order to Hold and the standard that should be applied to judge the Jail's suicide prevention policy. His specialized knowledge as to the prevention of in-custody suicide will likely be helpful to the factfinder to understand the facts of the case.

### b. Sufficient Basis

Hayes formed his opinions after review of the amended complaint, the defendants' answers, various discovery responses and interrogatories, Pastor's medical records from the Natchez Medical Center and University of Mississippi Medical Center, the Order to

Hold, Pastor's jail records, the incident reports generated by the Jail related to Pastor's suicide, the Mississippi Highway Patrol's Bureau of Investigation report of Pastor's suicide, the autopsy report, the policies and procedures of the Adam's County Sheriff's Department, the surveillance video of Pastor's booking into the jail, post mortem photographs of Pastor, recorded audio from telephone calls Pastor place while at the Jail, and the deposition transcripts from the defendants as well as the accompanying exhibits. Hayes Designation p. 12-13. The Court finds that these facts provide a sufficient basis for his proposed testimony.

### c. Reliable Method

In evaluating the method Hayes used to reach his opinions, the inapplicability of the Daubert factors becomes obvious. Although Hayes's opinions were not reached through application of a scientific process, a court may, where appropriate, "consider factors other than those listed in Daubert to evaluate the reliability of the expert's testimony." Pipitone v. Biomatrix, Inc., 288 F.3d 239, 247 (5th Cir. 2002). Further, nothing in FRE 702 or Daubert precludes "that an expert might draw a conclusion from a set of observations based on extensive and specialized experience." Id. (quoting Kumho Tire, 526 U.S. at 156). The Court "must probe into the reliability" of Hayes's "personal observations, professional experience, education[,] and training" to determine whether his testimony should be admitted. Id. Apart

from the general qualifications listed above, it appears from his curriculum vitae that Hayes has some familiarity with suicide prevention in jails in Mississippi already. He lists two publications related to Mississippi[4] and states that he provided services[5] related to suicide prevention in Mississippi. Further, the Court finds that Hayes is familiar with the national standards he proposes to compare to the Jail's policies.[6] The Supreme Court has held that national standards are helpful, but not conclusive, as guidelines to determine the relevant standard of care. See Rhodes v. Chapman, 452 U.S. 337, 348 n.13 (1981) (quoting Bell v. Wolfish, 441 U.S. 520, 543-44 n.27 (1979)) ("[S]uch opinions may be helpful and relevant with respect to some questions, but 'they simply do not establish the constitutional minima; rather, they

---

[4] "Jail Suicide in Mississippi" published in 1994 in Crisis: The Journal of Crisis Intervention and Suicide Prevention and "U.S. Justice Department's Investigation of Jail Suicides in Mississippi: A Status Report" published in 1994 in Jail Suicide/Mental Health Update. Hayes Designation p. 43, 45. The Court has not read these publications to determine how much relevant knowledge Hayes gained from their publication, but it does show that he is not entirely unfamiliar with in-custody suicide in this state.

[5] The services include "staff training, program assessment/development and litigation consultation." Hayes Designation p. 48. More detail about the services Hayes provided may be "furnished upon request." Hayes Designation p. 6. Like his publications, the Court is unaware of the extent that providing these services prepared Hayes for the present litigation, but it shows some familiarity.

[6] According to his curriculum vitae, Hayes "has conducted the only five national studies of jail, prison, and juvenile suicide." Hayes Designation p. 30.

establish goals recommended by the organization in question.'"). Combined with the sufficient basis found above, the Court finds that Hayes applied a reliable method to his interpretation of the Order to Hold and the comparison of the Jail's suicide prevention policies.

### d. Reliable Application

The Court finds that Hayes reliably applied his experience and expertise to offer an interpretation of the meaning of the Order to Hold and the comparison to national standards. Smith argues that the application of a national standard makes Hayes's testimony irrelevant and cites to another case in this district for support. See Mem. Supp. P. 5, ECF No. 143 (citing Berhow v. The Peoples Bank, No. 1:04cv511, 2006 WL 839529 (S.D. Miss. Mar. 28, 2006). In Berhow, the court excluded expert testimony about the appropriate standard of care because the standard was provided by Mississippi statute. Berhow, 2006 WL 839529 at *4-5. In this case, however, the standard of care has not been provided by statute. Smith argues that the standard of care is supplied by the policies adopted by Sheriff Mayfield, but she cites to no authority for this point. The Seventh Circuit has held that even where no inmates had previously committed suicide while in custody showed only that the jail had been lucky, not that the policy met the appropriate standard, deliberate indifference. Woodward v. Corr. Med. Servs. of Ill., Inc., 368 F.3d 917, 929 (7th Cir. 2004). Regardless of whether the

Jail adopted policies differing from a national standard, they must still not be deliberately indifferent.

Smith's arguments to strike Hayes's testimony seem more directed at "his conclusion than his methodology. That is fine and is a matter of cross-examination — not exclusion." <u>Guideone Ins. Co. v. Bridges</u>, No. 2:06cv229, 2008 WL 5532023, at *4 (S.D. Miss. Sep. 23, 2008). Therefore, the Court will deny Smith's motion to strike Hayes.

### 2. Motion to Strike Expert Ronald Dunmore

In her third motion to strike, Smith moves to strike the expert opinion of Ronald Dunmore in Shaidnagle's response to her motion for summary judgment. Strike 3 ¶ 8. Smith acknowledges the substantial similarity between this motion and a prior motion made before Judge Gargiulo. <u>See</u> Strike 3 ¶ 9. The Court will deny this motion to strike for the same reasons identified by Judge Gargiulo in his order of December 12, 2014, and summarized briefly below.

Smith did not move for a review of this order, and the Court does not interpret this motion as an appeal. First, this motion was filed before Judge Gargiulo entered his relevant order. Second, the relief requested is slightly different. The motion before Judge Gargiulo would have excluded Dunmore's expert opinions at trial; here, Smith only seeks to exclude his opinions from summary judgment consideration. But even if the Court were to measure Judge Gargiulo's order against the "clearly erroneous or contrary to law"

standard, it would not be found wanting.

Judge Gargiulo denied the motion to strike because he found that the designation of Dunmore was timely under Federal Rule of Civil Procedure 26 and it would be inappropriate under Federal Rule of Civil Procedure 37(c). Under Rule 26, Judge Gargiulo found that Shaidnagle had timely supplemented her expert designation after Dunmore's deposition and that the entirety of Dunmore's expert opinion came from that deposition, where, as a party, he was represented by counsel. Under Rule 37(c), Judge Gargiulo found that the <u>Sierra Club</u> factors weighed in Shaidnagle's favor. As to the first factor, he found that Dunmore's opinions would help resolve disputed facts at trial. As to the second factor, he found that the defendants were not prejudiced because they had full possession of Dunmore's opinion from the deposition. As to the third factor, he found a continuance was unwarranted because defendants had ample time to explore the opinions Dunmore offered before discovery closed. As to the fourth factor, he found that the timing of the supplemental designation was reasonable.

Therefore, the Court will deny this motion.

3. Second Motion to Strike Expert Lindsay Hayes

In her fourth motion to strike, Smith argues that Hayes's supplemental expert report "is not competent summary judgment evidence, as it is not a [sworn] affidavit or written declaration made under penalty of perjury." Strike 4 ¶ 3. "It is a settled rule

in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment." Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988). A statutory exception for this exists where the statement is made "under penalty of perjury and verified as true and correct." Id. (citing 28 U.S.C. § 1746) (internal quotation marks omitted).

Shaidnagle concedes the deficiency in Hayes's supplemental report but argues that it can be cured by the filing of a sworn declaration averring the statements made in the report. Resp. p. 1-2, ECF No. 192 (citing Straus v. DVC Worldwide, Inc., 484 F. Supp. 2d 620, 633-34 (S.D. Tex 2007)). The Straus court relies on similar holdings in the Second and Seventh Circuits and district courts in Iowa and Indiana. Straus, 484 F. Supp. 2d at 634. Another court in this circuit, taking up the holding from Straus, found that it was not binding on it and neither were the precedents it cited. Highland Capital Mgmt. L.P. v. Bank of Am., Nat'l Ass'n, No. 3:10cv1632, 2013 WL 4502789, at *6 & n.3 (N.D. Tex. Aug. 23, 2013) (Lindsay, J.). Judge Lindsay agreed that allowing a sworn declaration to cure this deficiency was within its discretion but that it was not obligated to do so. Id., at *6.

The Court concurs in Judge Lindsay's holding that allowing this cure is discretionary rather than mandatory, but the Court finds that exercising this discretion is appropriate here. In that case, Judge Lindsay found that the declaration "state[d] only that

[the expert reports in the declaration] are 'true and correct copies.' Thus, unlike the statements in her declaration, the statements in [her] expert reports are unsworn and were not made under penalty of perjury." Id. Here, this is not the case. In his declaration, Hayes states that "[a] full account of [his] review, assessment, and opinions in this case is contained in [his] reports" attached as exhibits to his declaration. Resp. Ex. 1 ("Hayes Aff.") ¶ 5, ECF No. 192-1. Hayes then goes on to reiterate in his declaration the conclusions he reached in this case. Hayes Aff. ¶ 5. Thus these conclusions have been sworn to. Further, Shaidnagle filed this same supplemental expert report for the first time on September 24, 2014. See Notice Service Supplemental Designation Experts, ECF No. 102. This was almost two months before she included it as an exhibit to her response to Smith's motion for summary judgment and almost a week before the motion for summary judgment itself was filed. Smith filed this motion on November 14, 2014. There was opportunity for Smith to object to this report before it was offered into evidence for summary judgment consideration.

Based on the above reasoning, the Court will exercise its discretion to allow Shaidnagle to cure the deficiency in her supplemental expert report and deny Smith's motion to strike.

C. Motion in limine to Limit the Order to Hold

Lastly, the Court considers the alternative motion made by

Smith in her motion to strike discussed <u>supra</u> II.B.1. Smith moves the Court to "preclude Plaintiff, her counsel, her witnesses and/or her experts from arguing, testifying or opining at the trial of this cause that solely based on the language of the Order to Hold, Pastor was a suicide risk." Mot. <u>in limine</u> ¶ 3, ECF No. 144. Smith cites no authority[7] to support this motion but argues that this characterization of the Order to Hold would be more "prejudicial than probative." Mem. Supp. p. 6, ECF No. 145. The Court finds that Smith requests the Court to invoke its FRE 403 authority to exclude, or in this case limit, relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." <u>See</u> Fed. R. Evid. 403. The Court finds that several of these dangers are not present and the remainder do not outweigh the probative value of the Order to Hold. What the Order to Hold establishes is a question for the factfinder to resolve, and it is for the parties to argue convincingly for their interpretation of the facts. Therefore, the Court will deny the motion <u>in limine</u>. It is apparent from the briefing related to these several motions that the parties

---

[7] Smith cites to one case from this district to argue that res judicata and collateral estoppel do not apply to her regarding the chancery court proceedings that resulted in the Order to Hold. Shaidnagle does not address this line of reasoning, and the Court finds that it does not bear on the instant motion.

intend to file more motions _in limine_, and the Court will not deny Smith an opportunity to renew this motion if new arguments can be made. At this time and in advance of summary judgment consideration, the Court is unpersuaded.

### III. Conclusion

The Court has combined in this order several motions from both the defendants and the plaintiff in an effort to clear the underbrush from the docket. The Court denies the three motions for review of Magistrate Judge Gargiulo's orders because they are devoid of clear error or rulings contrary to law. The Court denies the three motions to strike experts. As to the motion to strike Lindsay Hayes entirely, the Court finds his testimony to have sufficient indicia of reliability. As to the motion to strike Ronald Dunmore, the Court finds that he was timely designated, concurring with a substantially similar order from Magistrate Judge Gargiulo. As to the motion to strike the supplemental report of Lindsay Hayes, the Court finds that the deficiency had been cured. As to the motion _in limine_ regarding the Order to Hold, the Court denies it because it finds the arguments that the plaintiff will put forward are not more prejudicial than probative.

### IV. Order

IT IS HEREBY ORDERED that defendant's Motion for Review of Magistrate Judge Order **[docket entry no. 197]** is DENIED.

FURTHER ORDERED that plaintiff's Motion for Review of

Magistrate Judge Order **[docket entry no. 201]** is DENIED.

FURTHER ORDERED that plaintiff's Motion for Review of Magistrate Judge Order **[docket entry no. 202]** is DENIED.

FURTHER ORDERED that defendant's Motion to Strike Plaintiff's Expert Lindsay Hayes **[docket entry no. 142]** is DENIED.

FURTHER ORDERED that defendant's Motion to Strike Opinions of Ronald Dunmore and Exhibit 174-9 **[docket entry no. 183]** is DENIED.

FURTHER ORDERED that defendant's Motion to Strike Opinions of Lindsay Hayes and Exhibit 174-10 **[docket entry no. 184]** is DENIED.

FURTHER ORDERED that defendant's Motion _in limine_ **[docket entry no. 144]** is DENIED.


SO ORDERED this the 6th day of January 2015.

                              /s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE

24